# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| Eur-Pac Corporation | ) ASBCA Nos. 61647, 61648 |
| | ) |
| Under Contract Nos. N00104-16-P-BX72 | ) |
| N00104-15-P-EE01 | ) |

APPEARANCE FOR THE APPELLANT:     Andrew J. Belofsky, Esq.
                                                             The Law Office of Andrew J. Belofsky
                                                             Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Craig D. Jensen, Esq.
                                                                    Navy Chief Trial Attorney
                                                                    Abram D. Burnett, Esq.
                                                                     Associate Counsel
                                                                    Courtney Hatcher, Esq.
                                                                     Assistant Counsel
                                                                     NAVSUP Weapon Systems Support
                                                                     Mechanicsburg, PA

## OPINION BY ADMINISTRATIVE JUDGE WILSON
## ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The Board raised the issue of jurisdiction, *sua sponte*, following indications that appellant's notices of appeal from the contracting officer's decisions, terminating appellant's contracts for default, may not have been filed within 90 days of appellant's receipt of the final decisions. The government then moved to dismiss the appeals, contending they were untimely. Appellant responded in opposition to the government's motion. We find the appeals untimely. They are dismissed for lack of jurisdiction.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The government awarded Contract Nos. N00104-16-P-BX72 and N00104-15-P-EE01 (the contracts) to Eur-Pac Corporation (Eur-Pac or appellant) on May 8, 2016.

2. By email dated February 16, 2018, the contracting officer (CO) informed appellant's president, Michael Cerulo, that the government was evaluating appellant's response to show cause notices, and was considering terminations for cause. The CO advised that the government was willing to pursue no-cost cancellations of these two

contracts if appellant was agreeable, and asked that appellant "respond with concurrence by COB 2/21/18." (App. resp., ex. A at 2)

3. Later that same day, February 16, 2018, Mr. Cerulo responded by email that "neither a no-cost cancellation or termination for cause is acceptable" and continued:

> Eur-Pac still maintains its position of not recognizing or accepting these cancellations. Therefore this email will serve as formal protests to your actions.... I expect the protests be elevated to the next level of your chain of command.

(App. resp., ex. A at 1)

4. The CO terminated both contracts for default via modifications dated March 7, 2018. Both modifications included the following language:

> This is the final decision of the Contracting Officer. This decision may be appealed to the Armed Service[s] Board of Contract Appeals. If you decide to make such an appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the Armed Services Board of Contract Appeals and provide a copy to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number.

(Gov't mot., encl. 1, attach. A at 2 of 2)

5. By emails dated March 7, 2018, the CO sent the terminations to Mr. Cerulo and to appellant's contract administrator. Copies of the termination modifications were posted the same day to the government's Electronic Document Access (EDA) system, to which Eur-Pac was required to maintain access. However, the CO was unable to locate verification of receipt of the emails due to a "crash" of her computer in May 2018 during an automatic upgrade, which resulted in the loss of archived emails. (Gov't mot., encl. 1, ¶ 5, decl. of Andrea N. West)

6. By email dated March 8, 2018, Mr. Cerulo, using the same email thread he had sent to the CO February 16, 2018, declared:

> As previously stated Eur-Pac is not recognizing these cancellations and is filing protest to your action.... This needs

2

to be elevated to the next level in your chain of command for resolution and I expect to hear from them directly.

(App. resp., ex. A at 1)

7. By correspondence dated May 9, 2018, government counsel wrote the Board regarding scheduling for nine different Eur-Pac appeals pending before the Board. After describing the parties' agreed upon schedule, the last paragraph of the letter read:

> Of note, appellant may be appealing additional final decisions recently made by agency contracting officers. Should those decisions be appealed and consolidated with this matter, the parties may request a modification to the above proposed schedule.

(Gov't reply, encl. 2)

8. By email dated June 8, 2018, more than 90 days after the March 7 termination notices were sent to appellant, Mr. Cerulo filed a notice of appeal with the Board on the two contracts which are the subject of these appeals, and included the two March 7, 2018 final decisions. The appeals were docketed as ASBCA Nos. 61647 and 61648.

9. By order dated June 13, 2018, the Board ordered appellant to show that it timely filed the appeals in accordance with the Contract Disputes Act (CDA), 41 U.S.C. § 7104(a).

10. Mr. Cerulo responded to the Board's order by email dated June 18, 2018, stating:

> Although the notice of appeal was sent to the ASBCA office June 8, 2018, two calendar days beyond the 90 day window from the Contracting Officer[']s notice of contract termination, I respectively request from the Board and the Navy, Eur-Pac be allowed to continue with the appeals for the two subject contracts.

Mr. Cerulo also sent his response to the Navy's chief trial attorney.

11. On the same day, Mr. Cerulo also emailed government counsel in the nine other appeals Eur-Pac had pending before the Board. Referencing his letter to the Board and the chief trial attorney, he wrote, "I have no other excuse other than losing track of time. I'm hoping you can put in a good word on my behalf so that the appeals will be considered and move forward." (Gov't mot., encl. 3)

3

DECISION

The government contends that we do not have jurisdiction over these appeals because appellant failed to file the appeals within 90 days of receipt of the emailed CO's termination notices, and has admitted its tardiness (gov't mot. at 2). Appellant's main argument, despite its two acknowledgments of Eur-Pac's late filing, counters that its communications with the CO, and government counsel's May 9, 2018 letter to the Board, both within the 90-day time frame, are sufficient to amount to timely notice of appeal to the Board (app. resp. at 2-3).

Under the CDA, 41 U.S.C. § 7104(a), the 90-day period in which to appeal a CO's decision to the Board is jurisdictional and may not be waived. *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982); *see also* 41 U.S.C. § 7103(g) ("The contracting officer's decision on a claim is final and conclusive and is not subject to review by any forum, tribunal, or Federal Government agency, unless an appeal or action is timely commenced as authorized by this chapter."). The day the contractor receives the final decision is not counted in determining the 90-day period, while the day the contractor mails or delivers its appeal is included. *Images II, Inc.*, ASBCA No. 47943, 94-3 BCA ¶ 27,277 at 135,893. The government has the burden to establish the date the CO's final decision was received, "but the burden of proof is on appellant to establish that its appeal was timely filed." *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434.

Mr. Cerulo received the March 7, 2018 final decisions at least by March 8, 2018, when he responded to the CO (SOF ¶ 6). Therefore, the 90th day would be June 6, 2018, at the latest, and the Board received appellant's notices of appeal on June 8, 2018. Mr. Cerulo, in a letter to the Board, admitted he filed the appeals "two calendar days beyond the 90 day window from the Contracting Officer[']s notice of contract termination" (SOF ¶ 10). He further elaborated on his tardiness in a letter to government counsel in which he stated, "I have no other excuse other than losing track of time" (SOF ¶ 11). While the government is unable to provide a return receipt from the CO, as directed by the Board's June 13, 2018 order, it did provide a declaration by the CO that she sent the termination modifications to Mr. Cerulo and to appellant's contract administrator on March 7, 2018, and posted the terminations in the EDA system to which Eur-Pac was required to maintain access (SOF ¶ 5). The CO's declaration, along with appellant's admissions, are sufficient to meet the government's burden to establish receipt and start the 90-day appeal period. *North Arizona Constr. Co.*, ASBCA No. 61028, 18-1 BCA ¶ 36,931 at 179,930 (The government may meet its burden to establish the contractor's receipt of the final decision by providing "objective indicia" of actual physical receipt.). The burden is now on appellant to establish the appeals are timely.

The facts in these appeals parallel the facts in *Gaston & Associates, Inc.*, ASBCA No. 39131, 90-2 BCA ¶ 22,816. Therein, after receiving a CO's final decision on March 28,

4

1989, appellant's notice of appeal to the Board was postmarked June 28, 1989. The 90-day filing period ended on June 26, 1989. Appellant admitted "it was not timely in its filing on this matter." *Id.* at 114,574. The appeal was dismissed for lack of jurisdiction. Here, however, although appellant initially admitted its filings were untimely (SOF ¶¶ 10-11), appellant now contends that it has always maintained its intent to appeal the termination of these contracts and this intention was made known in emails to the CO in a timely manner (SOF ¶¶ 3, 6). Relying on *Afghan Active Group (AAG)*, ASBCA No. 60387, 16-1 BCA ¶ 36,349, appellant argues its actions conform to the line of Board cases which provide that "a contractor's timely notification to the [CO] of its intent to appeal a final decision will satisfy the ASBCA's 90-day deadline for filing appeals under the CDA" (app. resp. at 2-3).

The Board has held a contractor's timely communication to the CO may satisfy the Board's notice requirement. *Yankee Telecommunication Laboratories, Inc.*, ASBCA No. 25240, 82-1 BCA ¶ 15,515 at 76,962 ("filing an appeal with the [CO] is tantamount to filing with the Board"). To be adequate, a notice of appeal requires only a writing filed within the requisite time period, expressing dissatisfaction with the CO's decision, and indicating an intention to appeal the decision to a higher authority. *Ft. McCoy Shipping & Services*, ASBCA No. 58673, 13 BCA ¶ 35,429 at 173,794.

As noted by appellant, historically, the Board has interpreted contractors' communications liberally in deciding whether a notice of appeal is effective (app. resp. at 2 (citing *Afghan Active Group*, 16-1 BCA ¶ 36,349 at 177,211)). We have inferred such an intent to appeal to this Board where a contractor's communication to the CO uses the term "appeal." The letter in *Ft. McCoy*, submitted to the CO within the 90-day filing period, was captioned "Appeal to Monetary Claim," referenced the CO's final decision, included the contract number, expressed dissatisfaction with the decision, requested the address and all forms needed to file and prepare its appeal, and stated, "This letter serves as my notice of intent to appeal." *Ft. McCoy*, 13 BCA ¶ 35,429 at 173,794; *see also Kos Kam, Inc.*, ASBCA No. 34633, 88-1 BCA ¶ 20,311 at 102,705 (holding that a letter to the CO stating that the contractor "intends to appeal" constituted a notice of appeal). The emails relied upon by the Board in reaching its decision in *Afghan Active Group* were sent in a timely manner to the CO, and after expressing dissatisfaction with the final decision, asked "please kindly put us in progress if you need document for appeal process." *Afghan Active Group*, 16-1 BCA ¶ 36,349 at 177,212.

However, we have also stated that "the record reasonably must demonstrate an intent to appeal to the Board in order for our jurisdiction to attach." *Oconto Electric, Inc.*, ASBCA No. 36789, 88-3 BCA ¶ 21,188 at 106,939 (contractor's response to the CO's decision merely indicated its "dispute" therewith); *cf. Nachtmann Analytical Laboratories*, ASBCA No. 35037, 88-1 BCA ¶ 20,229 at 102,434 (It is not necessary that the term "appeal" be used, but appellant is required to do more than merely indicate dissatisfaction with the CO's decision and a "general intent to take legal action if the [CO] does not change his views.").

5

In the present situation, the emails upon which Eur-Pac relies to indicate it was seeking an appeal before this Board are not clear in their intent. The first email in which it asserts it is not recognizing or accepting a cancellation of the contracts and is protesting any such action, was sent before the contracts had been terminated (SOF ¶ 3). Thus, this could not be a request to appeal a CO's final decision because no final decision had yet been made. After receiving the CO's March 7, 2018 terminations, appellant replied on March 8, 2018, using the same email thread it had used earlier and said, "[a]s previously stated Eur-Pac is not recognizing these cancellations and is filing protest to your action.... This needs to be elevated to the next level in your chain of command for resolution and I expect to hear from them directly." (SOF ¶ 6) In this context, it is simply not clear that the language in the March 8, 2018 email from Mr. Cerulo to the CO evidenced an intent to appeal to this Board.

Further, appellant would have us find the requisite notice of appeal in a letter from government counsel to the Board, in separate matters before the Board, wherein government counsel, at the end of a joint proposed schedule for those different appeals on different contracts, adds "appellant may be appealing additional final decisions recently made by agency [CO]'s" (gov't reply, encl. 2). This communication to the Board, in separate matters, signed by government counsel—not appellant—reflects a conversation between the parties in which Eur-Pac may have expressed an intent to file an appeal at some future date. This cannot be construed as the filing of an appeal. *Cf. Concept International Systems, Inc.*, ASBCA No. 43361, 92-2 BCA ¶ 24,804 at 123,739 (notice to the CO that appellant was preparing a claim did not constitute submission of a claim).

Appellant's citation of this letter, and its reference to the nine appeals Eur-Pac presently has pending before the Board, does, however, illustrate that Eur-Pac knows how to file timely appeals at the Board. It was not unfamiliarity with Board procedure that resulted in tardy notices of appeal. This, coupled with Mr. Cerulo's acknowledgment to the Board, the Navy chief trial attorney, and government counsel that his filing was late, requires but one result. The notices are untimely. Absent timely notices of appeal, we lack jurisdiction to consider the appeals. The appeals are dismissed for lack of jurisdiction.

Dated: November 13, 2018

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

(Signatures continued)

6

I concur                                    I concur

RICHARD SHACKLEFORD                         ALEXANDER YOUNGER
Administrative Judge                        Administrative Judge
Acting Chairman                             Armed Services Board
Armed Services Board                        of Contract Appeals
of Contract Appeals


    I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA Nos. 61647, 61648, Appeals of
Eur-Pac Corporation, rendered in conformance with the Board's Charter.

    Dated:


                                JEFFREY D. GARDIN
                                Recorder, Armed Services
                                Board of Contract Appeals